UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| DANIEL J. SCHLIMM, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>WELBILT, INC., *et al.*,<br><br>                Defendants. | No. 8:18-cv-03007-JSM-AEP<br><br><u>CLASS ACTION</u><br><br>REPLY GRANTED: June 20, 2019 |

**GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM'S REPLY
IN FURTHER SUPPORT OF ITS MOTION FOR
<u>APPOINTMENT AS LEAD PLAINTIFF</u>**

Proposed Lead Plaintiff Genesee County Employees' Retirement System respectfully submits this reply in further support of its motion for appointment as lead plaintiff.[1]

## I. PRELIMINARY STATEMENT

Of the two remaining lead plaintiff motions, only the Retirement System qualifies as the "most adequate plaintiff" to lead this action. The Retirement System should be appointed lead plaintiff because it has the largest financial interest among the competing movants *and* otherwise satisfies the requirements of Rule 23. In opposing the Retirement System's motion, the Pension Fund Group simply claims a larger financial interest. The analysis, however, does not stop there. The "most adequate plaintiff" must *also* satisfy the requirements of Rule 23; the Pension Fund Group does not. Notwithstanding its Joint Declaration, the Pension Fund Group is an amalgamation of unrelated entities with no pre-litigation relationship that were improperly joined by counsel. Further, it suffers from a debilitating unique defense: a questionable transaction between two of the three Pension Fund Group members that amounts to 68% of MABSTOA's individual losses. This unexplained transaction not only calls into question the Pension Fund Group's alleged collective losses, but the Pension Fund Group's adequacy to represent the class. The Retirement System, on the other hand, is a single U.S. institutional investor with prior experience serving as lead plaintiff that does not suffer from any infirmities. Accordingly, the Retirement System should be appointed Lead Plaintiff in this Action and the Pension Fund Group's motion should be denied.

---

[1] Unless otherwise indicated, all defined terms shall have the same meaning as set forth in Genesee County Employees' Retirement System's Memorandum of Law in Opposition to Competing Motion for Appointment as Lead Plaintiff, dated June 12, 2019. ECF No. 46.

## II.     ARGUMENT

### A.     The Retirement System Should Be Appointed Lead Plaintiff

Pursuant to the PSLRA, movants seeking to be appointed lead plaintiff are required to demonstrate they have the "largest financial interest in the relief sought by the class" **and** "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Retirement System is the *only* movant which qualifies under **both** prongs of the PSLRA's lead plaintiff requirements.

Indeed, with a loss of approximately $150,050, the Retirement System has the largest financial interest of any other eligible lead plaintiff movant.  In addition to this substantial financial interest, the Retirement System readily satisfies the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff in this action.  *See, e.g.*, *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008) ("Bennett therefore satisfies all three requirements of 15 U.S.C. §78u-4(a)(3)(B)(iii)(I): He made a motion in response to a notice; he has the largest financial interest; and he made a preliminary showing that he otherwise satisfies the requirements of Rule 23.  Accordingly, Bennett is entitled to a rebuttable presumption that he should be appointed lead plaintiff in this action.").

Consequently, with the Retirement System qualifying for the presumption as the "most adequate plaintiff" under the PSLRA, the Pension Fund Group may rebut that presumption with proof that it is unable to adequately represent the class.  *Id*. at 397-98.  This it cannot do.  Nor does it really try.  In fact, the Pension Fund Group does not lodge *any* challenges to the Retirement System's lead plaintiff candidacy.  Accordingly, in the absence of any proof rebutting the Retirement System's status as the "most adequate plaintiff," the Court should appoint the Retirement System as Lead Plaintiff and approve its selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

**B.     The Pension Fund Group Is an Improper Group and Should Not Be Appointed Lead Plaintiff**

It is uncontested that groups of investors may, under certain circumstances, serve as lead plaintiff under the PSLRA.  *See* 15 U.S.C. §78u-4(a)(3)(B).  But, contrary to the Pension Fund Group's position, courts may scrutinize "the way in which a group seeking to become lead plaintiff was formed" as well as "the manner in which it is constituted." *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001).  "If, for example, a court were to determine that the movant 'group' with the largest losses had been created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel, it could well conclude, based on this history, that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner." *Id.* at 267; *see also In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 621 (S.D.N.Y. 2015) (collecting cases) (noting that many courts are "skeptical" of groups that are the "product of an artificial grouping designed merely to qualify as lead plaintiff under the PSLRA").

In defense of its "decision" that joining otherwise unrelated entities would be "in the best interest of the class in this case," the Pension Fund Group explains that two of its members have "substantial prior experience serving as lead plaintiff in complex securities actions, which ha[ve] yielded substantial recoveries." ECF No. 41 at ¶4.  But that justification rings hollow when the Retirement System's own litigation history is similarly considered, as it, too, has substantial prior experience serving as lead plaintiff in securities class actions, such as this one, that have, similarly, yielded substantial recoveries for the class.[2]  The only plausible explanation for how and why

---

[2] That Genesee County has agreed on a group structure in the past is irrelevant to its position in this case. *See Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 U.S. Dist. LEXIS 41872, at *29-*30 (S.D. Tex. Mar. 23, 2017) (agreeing that "the Pension Fund's role in a different case . . . in a different court and different circuit involving different facts and different relationships among different parties represented by different counsel" does not support a concession of the "informal grouping in the instant case before this Court")

geographically disparate entities decided to seek joint appointment as Lead Plaintiff in this action, despite no prior connection, is that their connection arose from the efforts of counsel, who put them together in a group for the purpose of creating a larger loss number and gaining control of the litigation. *See Petrobras*, 104 F. Supp. 3d at 622-23; *In re Veeco Instruments, Inc., Sec. Litig.*, 233 F.R.D. 330, 334 (S.D.N.Y. 2005) (disapproving aggregation of unrelated persons who join together in the hope of "becoming the biggest loser for PSLRA purposes"); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997) (finding "aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff").[3]

Nor should the Court separate the group and select only one (or two) of its members to serve as lead plaintiff. *See Petrobras*, 104 F. Supp. 3d at 622. The Pension Fund Group chose to move as a group and should be evaluated as such. *See Ross v. Abercrombie & Fitch Co.*, No. 2:05-CV-819, 2007 U.S. Dist. LEXIS 24903, at *13 (S.D. Ohio Mar. 22, 2007) ("There is no requirement in the [PSLRA] that the Court realign a proposed group to cure a deficiency in adequacy of representation."); *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 U.S. Dist. LEXIS 118562, at *15 (D. Ariz. Apr. 7, 2008) (group "moved for lead plaintiff as a group and will be evaluated as such"). The Pension Fund Group's motion should be rejected.

---

[3] The Pension Fund Group attempts to use cases cited by the Retirement System against it; however, those cases are distinguishable from the facts before this Court. In *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, for example, the appointed group was comprised of two California pension trust funds. No. 8:06-CV-1716-T-23EAJ, 2007 U.S. Dist. LEXIS 3592 (M.D. Fla. Jan. 18, 2007). A group was appointed in *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Rests., Inc.*, because its motion was unopposed. No. 6:08-cv-388-Orl-19DAB, 2008 U.S. Dist. LEXIS 111155 (M.D. Fla. July 1, 2008). And in *Grand Lodge of Pa. v. Peters*, the court declined to consider the individual movant's request to "delve into the merits of the claims and to define the class period at this early stage of the proceedings before a class has been certified or those issues have been fully briefed." No. 8:07-cv-479-T26-EAJ, 2007 U.S. Dist. LEXIS 48191 at *6-*7 (M.D. Fla. June 22, 2007). None of those situations are present here.

### C. The Unexplained, Questionable Transaction Between the Related Funds Raises Questions as to the Pension Fund Group's Adequacy to Represent the Class

Although the Pension Fund Group focuses on the size of both the individual and collective losses suffered by the group's members, its opposition fails to provide an explanation for, or provide information regarding, the unusual transaction between MA Master Trust and MABSTOA Pension Plan which calls into question the funds' (both individually and collectively) adequacy to represent the class. To be sure, that the two related members of the Pension Fund Group amalgamation appear to have entered into a transaction whereby MA Master Trust alleges to have sold the *exact* number of shares on the *same* day and at the *same* price as MABSTOA Pension Plan alleges to have purchased its shares not only raises questions as to the legitimacy of MABSTOA's transactions but could result in unnecessary scrutiny at the class certification stage. *See* ECF No. 46 at 8-9 (citing *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, Nos. 14 Civ. 8495 (RMB), *et al.*, 2015 U.S. Dist. LEXIS 38635, at *12 (S.D.N.Y. Mar. 19, 2015); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1110-11 (N.D. Cal. 2001)). As a result, the motion of the Pension Fund Group as a whole is undermined and should be rejected.

### III. CONCLUSION

For all of the foregoing reasons, the Retirement System submits that it should be appointed as Lead Plaintiff and its choice of Lead Counsel should be approved. The Pension Fund Group's motion should be denied.

DATED:  June 27, 2019

ROBBINS GELLER RUDMAN
   & DOWD LLP

*s/ Sabrina E. Tirabassi*
SABRINA E. TIRABASSI

JACK REISE
(Florida Bar No. 058149)
SABRINA E. TIRABASSI
(Florida Bar No. 0025521)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
stirabassi@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for [Proposed] Lead Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 27, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*s/ Sabrina E. Tirabassi*
SABRINA E. TIRABASSI